USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/22/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
BERNARDO MARTINEZ, LAMINE ZERBO and MOHAMMED KAMARA, Individually and on Behalf of All Others Similarly Situated,

              Plaintiff,

              -against-

MIDSPAN TELECOM CORP., INSPERITY PEO SERVICES, L.P., DANIEL ZAYAS and RICHARD GRULLARD, Jointly and Severally

             Defendants.
------------------------------------------------------------ X

19-CV-10973 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

      WHEREAS counsel for the parties submitted a proposed settlement agreement and supporting letter and documentation (Dkt. 35) for the Court's approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015);

      WHEREAS the proposed settlement provides for a total recovery of $80,000.00, with a third of the recovery apportioned to Plaintiffs' counsel (Letter at 5);

      WHEREAS Plaintiffs estimate that they are owed approximately $91,346.41 in unpaid wages and overtime and that their claims, assuming a full recovery (without liquidated damages), are valued at approximately $100,054.55 (Letter at 5);

      WHEREAS based on the limited factual summary provided, Plaintiffs had substantial litigation risks in this case;

      WHEREAS the Court finds that counsel's hourly rates are not reasonable (Letter at 7 & Ex. B) and that the following hourly rates would be reasonable: $400 for Brent Pelton, $275 for Taylor Graham, $200 for Kristen Boysen, $150 for Katherine Menjivar, and $100 for Adrian

Sandoval, *see, e.g.*, *Montes v. 11 Hanover Grp. LLC*, No. 17-CV-09376, 2019 WL 4392516, at *2 (S.D.N.Y. Sept. 12, 2019); *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17-CV-3302, 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019);

WHEREAS the Court finds that the number of hours counsel expended in bringing and settling this case is high, especially for routine matters (e.g., 4.2 hours of attorneys' time, including almost 2 hours of partner attorneys' time, to draft a relatively routine FLSA complaint);

WHEREAS the Court finds that the allocation of relatively simple tasks to senior attorneys is improper (e.g., having a senior associate enter data into a spreadsheet);

WHEREAS counsel's award ($27,217.72) under the proposed settlement is approximately 2 times the lodestar based on the Court-adjusted time entries and the Court-determined reasonable hourly rates for counsel's work;

WHEREAS the Court finds that counsel's fee is on the upper edge of what is fair and reasonable considering the risks counsel undertook; and

WHEREAS the Court finds that the 2-times multiplier and a one-third contingency fee are reasonable because the result in this case was good, with Plaintiffs recovering a significant portion of their view of their actual damages, and because counsel is bearing added risk because the payout of the full settlement, including fees, is occurring over an eight-month period;

IT IS HEREBY ORDERED that the proposed settlement agreement is approved as fair and reasonable.

The Clerk of Court is respectfully directed to terminate all deadlines and close this case.

 **SO ORDERED.**

**Date:  September 22, 2020**  
  **New York, NY**                                   _____  
                                                                    **VALERIE CAPRONI**  
                                                                    **United States District Judge**

2